STATE OF MAINE

KENNEBEC, ss.

STROMBERG-CARLSON
CORPORATION,

Petitioner

v.

STATE TAX ASSESSOR,

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-97-026

JRA-KEN- 6/27/2000

DECISION AND ORDER

## I.    Introduction.

This is the second chapter in this litigation in which the petitioner, Stromberg-Carlson Corporation (SCC), seeks to overturn the determination by the State Tax Assessor (STA) that its sales of telephone equipment to Contel Material Management Corporation (Contel) and Somerset Telephone Company were not subject to tax, interest and penalties.

In the first chapter this court determined, in disposing of counts I, II and III of the petition, that the applicable statute of limitations did not bar the assessment of sales tax deficiencies on sales of equipment to Contel in 1989 and 1990, that taxes assessed on sales to Somerset Telephone Company had to be abated, and that the STA could not lawfully impose penalties on unpaid taxes pursuant to 36 M.R.S.A. § 187-B(2)(A) (Supp. 1999).

In this chapter, the court is called upon to resolve counts IV and V of the petition which remain for disposition.

In count IV, the petitioner asserts that the penalties the STA wishes to impose pursuant to 36 M.R.S.A. § 187-B(4-A) ought to be reduced. In count V, SCC makes the alternative, but similar, claim that the penalties to be imposed ought to be abated pursuant to 36 M.R.S.A. § 187-B(7).

The parties have briefed and argued their respective positions in this dispute and the final counts in the pending petition are now in order for disposition.

Before addressing directly the merits of these two remaining counts, it is prudent to address the petitioner's claim that the penalty statute relied upon the STA is unconstitutional even though this claim was articulated for the first time at oral argument and never plead in the petition.[1] Apparently, the petitioner's argument is that 36 M.R.S.A. § 187-B(4-A) (Supp. 1999) by its terms took effect on July 1, 1993, and therefore applying it to 1989 and 1990 tax periods entailed a due process violation because the statute had a retroactive effect on violations which pre-dated the cited law.

A number of factors and circumstances doom this argument. First, the current penalty provision of section 187-B(4-A), enacted in 1992, bears close resemblance to those in effect in 1989 and 1990. *Compare* 36 M.R.S.A. § 187-B(4-A) (Supp. 1999), *with* 36 M.R.S.A. § 187(3), (5) (1990). Indeed, the principal changes in the law favor the taxpayer so that, for example, under the statute the Assessor wishes to apply here, the taxpayer can mitigate a penalty by showing there was

---

[1] Indeed, the only notice either the respondent or the court had in advance of oral argument that the petitioner was challenging the lawful applicability of the statutes cited was in a footnote in the petitioner's brief which cited no constitutional argument.

2

"substantial authority" for its treatment of the taxable event. Taxpayers in 1990 had no such opportunities. While there are several other changes in the law favorable to taxpayers liable to be penalized, the point is that the petitioner is aided, and in no way harmed, by the STA's reliance on the current version of the penalty provisions found at 36 M.R.S.A. § 187-B (Supp. 1999). Said differently, were the petitioner's argument to succeed on this point, the case would have to be remanded to the STA for imposition of penalties without the more generous opportunities available today to eliminate or reduce these sanctions.

Next, the legislative history of 36 M.R.S.A. § 187-B(4-A), (7) (Supp. 1999) reveals a plain legislative intent for the provisions to be applied retroactively. The Legislature enounced:

> **Sec. 9. Application dates.** Section 5 of this Act is applicable to the assessment, accrual, waiver or abatement of penalties beginning on or after August 1, 1992, *irrespective of the fact that the date as of which a penalty could have been assessed, accrued, waived or abated precedes August 1, 1992.* Sections 6 and 7 of this Act are applicable to the assessment of penalties beginning on or after July 1, 1993, *irrespective of the fact that the date of which a penalty could have been assessed precedes July 1, 1993.*

P.L. 1991, ch. 873, § 9. (emphasis supplied).[2]

Retroactive amendments to legislation do not violate principles of due process when the "retroactive application of the legislation is itself justified by a rational legislative purpose." *Tompkins v. Wade & Searway Constr. Corp.*, 612 A.2d 874, 877 (Me. 1992) (*quoting Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S.

---

[2] Section 5 of the Act contains the current section 187-B(7) and section 7 of the Act contains the current section 187-B(4-A).

717, 730 (1983)). Here, as suggested infra, the legislation which contained the challenged provisions and made them retroactive were amendments to the "Taxpayer Bill of Rights" with the expressed purpose "to Protect Taxpayer Rights and Mak[e] More Equitable Tax Penalty and Appeal Provisions." P.L. 1991, ch. 873. Thus, both the purpose and the effect of the change in the penalty provision was to enhance the rights of taxpayers to abate or eliminate tax penalties rather than deprive them of any right or property. That being so, petitioner's argument that retroactive application of these penalty provisions to its tax returns is unconstitutional is meritless.

Turning then to the merits of count IV of the Petition, the petitioner there states that 36 M.R.S.A. § 187-B(4-A) (Supp. 1999) allows the amount of the substantial understatement of tax to be "reduced by that portion of the understatement that is attributable to the tax treatment of any item by the taxpayer if there is or was *substantial authority* for such treatment." (emphasis supplied). "There is substantial authority for the tax treatment of an item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment." *John Swenson Granite Inc. v. State Tax Assessor*, 685 A.2d 425, 429 n.3 (Me. 1996) (*quoting* 26 C.F.R. §§ 1.6662-4(d)(2), (3) (1996)). The petitioner cites no "substantial authority" as here defined and, therefore, cannot succeed pursuant to the provisions of section 187-B(4-A) under count IV of its petition.

4

Count V cites 36 M.R.S.A. § 187-B(7) (Supp. 1999) as a basis for relief. Only paragraph G of that subsection is relied on by the petitioner in this effort. In reading these provisions together, it is clear that the Legislature is directing the STA to waive or abate penalties under section 187-B(2)(A) for "reasonable cause." *Id.* "Reasonable cause includes, but is not limited to" consideration of the amount subject to penalty for substantial underpayment under subsection 4-A when that amount is de minimis in "relation to the amount otherwise paid, the reason for the failure to file or pay and the taxpayer's compliance history." *Id.* § 187-B(7)(G). "The burden of establishing grounds for waiver or abatement is on the taxpayer." *Id.* § 187-B(7).

The petitioner cites two bases in its effort to meet this burden. The first is that SCC had good reason to believe that its sales to Contel were for resale and therefore exempt. In support of this contention it alleges that it submitted a resale certificate from Contel for the same items that were sold during the tax period at issue. A review of the file, however, does not reveal the existence of this document which, petitioner's counsel conceded at oral argument, was not included in the pleadings notwithstanding an assertion to the contrary in petitioner's brief. *See* Petitioner's Brief, p. 5. Without this certificate, the court can evaluate neither the petitioner's argument in this regard nor the respondent's counter-argument that the certificate was addressed to a different vendor and was for a later time period than the periods in question in this case. That being so, it is impossible for the court to find that the petitioner has met its burden of persuasion as to this facet of this claim.

5

Next, the petitioner argues that it has a solid record as a good corporate citizen in filing returns and paying its taxes. To support this claim, the petitioner provides the court with the monthly sales and use tax returns for the tax periods in question. These, of course, prove the opposite of what the petitioner avers in that they show that SCC throughout this period, while it may have been diligent in filing returns, grossly under-reported the sales which were taxable. Because there has been no other evidence adduced to buttress this claim, the court must also conclude that the petitioner has failed in meeting its burden of persuasion here as well.

For all these reasons, the court must conclude that the STA was not required to waive or abate the penalties on SCC's substantial underpayment of taxes because this corporation has failed to establish the statutory grounds for the relief it here seeks.

That being so, the entry will be:

> Judgment is ENTERED for the respondent on counts IV and V of the Petition and the Petition is DENIED as to these counts.

So ordered.

Dated: June 27, 2000

John R. Atwood
Justice, Superior Court

6

F

Action _80C Petition for review_

# J. ATWOOD

Stromberg-Carlson Corp.  vs.  State Tax Assessor

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Martin I. Eisenstein,Esq.<br>PO Box 3070<br>Lewiston, Me.  04243<br>David W. Bertoni, Esq.<br>184 Main Street<br>P.O. Box 3070<br>Lewiston, Maine 04243-3070 | Crombie J.D. Garrett,AAG<br>State House sta. # 6<br>Augusta, Me.  04333 |

| Date of Entry | |
|---|---|
| 3/24/97 | Petition for review of final agency action filed.  s/Eisenstein,Esq. |
| 3/28/97 | Letter entering appearance filed.  s/Garrett,AAG |
| 4/7/97 | Notice of discovery service filed.  s/Eisenstein,Esq.<br>Petitioners interrogatories propounded upon respondent and petitioners first request for production of documents served on Crombie J.D. Garrett,AAG on 4/3/97. |
| 5/27/97 | Notice of discovery service filed.  s/GaRRETT,AAG<br>Respondents response to petitioners interrogatories served on Mark I. Eisenstein,Esq. on 5/22/97. |
| 6/18/97 | Notification of Discovery Service filed. s/Garrett,Esq.<br>Petitioner's request for production of documents served on Martin I.Eisenstein,Esq. on June 16, 1997. |
| 10/20/97 | Notification of Discovery Service filed. s/Garrett, AAG<br>Respondent's first set of interrogatories propounded to Petitioner; Respondent's first request for production of documents and Respondent's first request for admissions served on Martin I. Eisenstein, Esq. on 10/16/97 |
| 12/1/97 | Notification of Discovery Service, filed. s/ Eisenstein, Esq.<br>Petitioner's Response to Respondent's First Request for Admissions served on Crombie J.D. Garrett, AAG on 11/26/97 |
| 12/12/97 | Notice of discovery service filed.  s/Eisenstein,Esq.<br>Petitioners response to respondents first request for production of documents served on Crombie J.D. Garrett,AAG on 12/10/97. |
| 1/14/98 | Notification of Discovery Service, filed. s/Eisenstein, Esq.<br>Petitioner's Answers to Respondent's First Set of Interrogatories Propounded to Petitioner served on Crombie J.D., Garrett, AAG on 1/12/98 |
| 11/9/98 | Petitioner's Motion for Summary Judgment with Incorporated Memorandum of Law, filed. s/Pierce, Esq. |